2

ALFREDO CASAS GARCIA Jr.
Reg No. 86299-079
F.C.I.M. BEAUMONT
P.O. BOX 26040
Beaumont, TX. 77720

United States District Court
Southern District of Texas
FILED

DEC 0 7 2000

Michael N. Milby
Clerk of Court

IN THE

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff, | § | |
| | § | Criminal No. B-99-192 |
| v | § | Civil No. B-00-187 ¶ |
| | § | |
| ALFREDO CASAS GARCIA,<br>Defendant, | § | |
| | § | |

MEMORANDUM OF POINT AND AUTHORITIES IN SUPPORT

OF PETITIONER'S APPLICATION FOR POST CONVICTION

RELIEF PURSUANT TO TITLE 28 U.S.C. § 2255.

COMES NOW, Alfredo Casas Garcia Jr., acting in Propia Persona, ( Hereinafter referred to as the **Petitioner** ) and in support of his application for Post Conviction Relief pursuant to Title 28 U.S.C. § 2255 hereby states as follows:

1.  Petitioner Alfredo Casas Garcia is currently confined in Federal Prison at F.C.I. BEAUMONT-Medium, in Beaumont, TX., as a result of the instant conviction and sentence.

2.  The facts set forth in the § 2255 from are incorporated by reference herewith as if set forth at length hereat and vice-versa.

JURISDICTION

3.  Jurisdiction is invoked in this court pursuant to Title 28 U.S.C. § 2255, which endows the sentencing court with jurisdiction to review a Federal

-1-

Prisoner's challenge to his conviction and sentence. <u>Hill</u> v <u>U.S.</u>, 368 U.S. 424,426 ( 1962 ); <u>Fay</u> v <u>Noia</u>, 372 U.S. 391, 399–40 ( 1963 ).

<u>EVIDENTIARY HEARING</u>

4.   Section § 2255 provides the primary means of collateral attack on a federal sentence. Relief under this Section is warranted for any error that occured at or prior to sentencing. <u>Cox</u> v <u>Warden</u> <u>Federal</u> <u>Detention</u> <u>Center</u>, 911 F.2d 1111, 1113, ( 5th Cir. 1990 ) ( internal quotations ommited ). A § 2255 Motion requires an evidentiary hearing unless the motion, the files, and the record conclusively show the prisoner is entitled to no relief. <u>United</u> <u>States</u> v <u>Bartholomev</u>, 974 F.2d 39,41 ( 5th Cir. 1992 ). A Petitioner may barred from raising claims for the first time on collateral review unless he demonstrate cause for failing to raise the issue on direct appeal and actual prejudice resulting from that error. <u>United</u> <u>States</u> v <u>Shaid</u>, 937 F.2d 228,232 ( 5th Cir. 1991 ) ( en banc ) ( citations omitted ). If the error is not of constitutional magnitude, the defendant can show that the error could not have been raised of direct appeal, and if condoned would result in a complete miscarriage of justice. <u>United</u> <u>States</u> v <u>Pierce</u>, 959 F.2d 1297 1301 ( 5th Cir.), cert denied, 113 S.Ct. 621 ( 1992 ). Petitioner here meets the required criteria for an evidentiary hearing, and it is so prayed that the Court grant same.

<u>STATEMENT FOR PRO SE MOVANT.</u>

5.   Movant is a pro se and pauperis petitioner. Due to his indigency, he cannot afford employing counsel to assist him in filing the pleadings in this cause. Movant is benitghted in the law and criminal intricacies, is partially illeterate and speaks very poor English, therefore, prays the Court review his

CUtePDF - www.tevina.com

pleadings more liberally and subject him not to the same rigorous standards than those motions drafted and filed by professional advocators. see **Haines** v **Kerner,** 92 S.Ct. 594 ( 1972 ). and that movant's claims of legal substance be not forfeited for failure to state same with technical precision or for lack of proper syntax. see **S.E.C.** v **Elliot,** 953 F.2d 1560 ( 11th Cir. 1992 ); **Watts** v **Graves,** 729 F.2d 1416 ( 5th Cir. 1983 ) ( Pro Se pleadings are entitled to a liberal construction that includes all reasonable inferences that can be drawn from them.)

This motion is filed by movant through the assistance of a Writ Writer Inmated pursuant to **Johnson** v **Avery,** 393 U.S. 483 ( 1969 ).

The 1987 Sentence Reform Act., left intact 28 U.S.C. § 2255 for defendants and/or petitioners to collaterally attack their illegally obtained imposed conviction and sentence **United States** v **Jordan,,** 915 F.2d 622 ( 11th Cir. 1990 ).

## CONSTITUTIONAL INJURIES

6. The inquiry in the instant matter is one of purely constitutional nature. This petitioner shall address the Fifth and Sixth Amendment violations suffered by this petitioner as they apply to **DENIAL OF CONSTRUCTIVE ASSISTANCE OF COUNSEL.**

## PROCEDURAL DUE PROCESS

7. Procedural Due Process as to intensive review of the Constitutional violations enumerated herein is paramount.

8. The thrust theme set forth herein is extremely complex. A hearing must be held into the matters enumerated herein in order to properly ascertain, the deficient representation of Petitioner's trial attorney.

9. The role of a hearing is paramount, as once these issues are laid to rest by this court, Petitioner Casas Garcia, is forever foreclosed from litigating in the future.

On April 24, 1996, President Clinton, signed into law the **Anti–Terrorism and Effective Death Penalty Act [AEDPA].** This law essentially created a **ONE SHOT AT THE BULLSEYE** rule as to Post Conviction, Habeas Corpus Review.

10.     The Constitutionality of the **AEDPA FROM A PROCEDURAL DUE PROCESS STANDPOINT IS ARGUED HEREIN** as an adjunct to the main themes regarding the other Constitutional injuries inflicted upon this petitioner.

11.     If the Court refused to hold a hearing into the matters alleged herein, then the procedural due process rights of the petitioner will be violated. The new construction of AEDPA as it related to 2255's are essentially a stanglehold on Federal Inmates. Especially when viewed from the paradigm that most 2255's are crafted by untrained inmates, and sub–category to the issue, and perhaps even more exigent is the fact that in today world, the greater of English, let alone grasp of legal language. Thus, hearings are no longer an exception to the rule, they have assumed the status of being the Rule. An important Rule.  A procedurally paramount Rule.

## STATEMENT OF CASE AND FACTS

### CHARGES AND CONVICTION:

12.     On May 11, 1999, the defendant, Alfredo Casas Garcia Jr., was charged by a One count indictment with attempted illegal reentry after deportation, in violation of 8 U.S.C. § 1326(a) and (b)(2). The Federal Public Defender was appointed to represent Defendant for all purposes.

13.     On May 25,1999, Defendant filed various pretrial motions, including a motion to dismiss the indictment and a motion to suppress statements. On June 22, 1999, the Honorable Hilda G. Tagle, United States District Judge for the Southern District of Texas, Brownsville Division, denied defendant's Garcia motion

to dismiss the indictment and granted his motion to supress statements.

On July 30, 1999, before the Honorable John Williams Black, United States Magistrate Judge for the Southern District of Texas, Bronsville Division, defendant's Garcia entered a Plea of guilty pursuant to a plea agreement with the government and conditioned on his right to appeal the district court's denial of his motion to dismiss the indictment. On October 14, 1999, the Honorable Hilda G. Tagle, accepted Mr. Casas-Garcia's plea of guilty, found him guilty, and sentenced him to serve fifty seven months in the custody of the B.O.P., to be followed by a three-year term of supervised release. The court did not impose a fine, but it assessed a mandatory $ 100 special assessment.

**The offense Conduct:**

14.     On April 19,1999, INS Senior Inspector Jesus Montiel was conducting routine inspection of vehicles entering the United States at the Gateway International Bridge in Bronsville, Texas. A male subject identified as Alfredo Casas-Garcia Jr., entered the inspection both claiming to be a United States Citizen. Casas-Garcia was referred to secondary inspection for further investigation. An inmigration check revealed that the defendant had been previously deported.

Defendant Casas-Garcia was deported to the Republic of Mexico on August 29, 1998.

### ISSUES PRESENTED FOR REVIEW

#### GROUND ONE:

**FIFTH AMENDMENT CONSTITUTIONAL RIGHT WAS VIOLATED WHEN DEFENDANT RIGHTS TO SEEK AND CONSULT CONSULAR OFFICIALS AT THE MEXICAN CONSULATE UNDER THE VIENNA CONVENTION WERE VIOLATED.**

CVAPDF - www.texto.com

**GROUND TWO:**

PETITIONER WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL AT
CRUCIAL STAGES OF THE PROCEEDINGS, INCLUDING BUT NOT LIMITED
TO, PRETRIAL, PLEA NEGOCIATIONS; AND SENTENCING; DUE TO
COUNSEL'S FAILURE TO MOVE FOR DISMISSAL OF THE INDICTMENT IN
VIOLATION OF PETITIONER'S FIFTH AND SIXTH AMENDMENTS RIGHTS
AS GUARANTEED BY THE UNITED STATES CONSTITUTION.

**GROUND THREE:**

PETITIONER FIFTH AMENDMENT CONSTITUTIONAL RIGHT OF DUE
PROCESS WAS VIOLATED BY A SENTENCING COURT  BY DETERMINING
TITLE 8 U.S.C. § 1326(b)(2) IS NOT A SEPARATE OFFENSE FROM
TITLE 8 U.S.C. § 1326, BUT MERELY A SENTENCING ENHANCEMENT ?

**GROUND FOUR:**

WHETHER PETITIONER'S PRISON SENTENCE, WHICH IS WELL ABOVE
THE TWO YEAR STATUTORY MAXIMUM AUTHORIZED BY 8 U.S.C. §
1326(a), IS ILLEGAL BECAUSE THE INDICTMENT DID NOT ALLEGE
THAT PETITIONER WAS PREVIOUSLY CONVICTED OF AN AGGRAVATED
FELONY PRIOR TO HIS ILLEGAL ATTEMPT TO RE-ENTRY INTO THE
UNITED STATES.

A.   IN THE STATUTE DESCRIBING CRIMES OF ILLEGAL REENTRY AFTER
DEPORTATION, THE PHRASES "SUBSEQUENT TO A CONVICTION FOR
COMMISSION OF A FELONY" AND "SUBSEQUENT TO A CONVICTION FOR
COMMISSION OF AN AGGRAVATED FELONY" DESCRIBE ELEMENTS OF THE
OFFENSE WHICH MUST BE PLEADED BY INDICTMENT AND PROVED BEYOND
A REASONABLE DOUBT.

CUtePDF - www.fastio.com

**GROUND ONE:**

> **FIFTH AMENDMENT CONSTITUTIONAL RIGHT WAS VIOLATED WHEN DEFENDANT'S RIGHTS TO SEEK AND CONSULT CONSULAR OFFICIALS AT THE MEXICAN CONSULATE UNDER THE VIENNA CONVENTION WERE VIOLATED.**

Movant asserts that his individual rights to seek and consult consular officials at the Mexico Consulate were violated at the time of his arrest. The arresting authorities did not inform him of his right under the Vienna Convention.

The Vienna Convention on Consular Relations requires an arresting government to notify a foreign national who had been arrested, imprisoned ot taken into custody or detention of his right to contact his consul. Vienna Convention on COnsular Relations, April 24, 1963 TIAS 6820, 21 U.S.T. 77.

In <u>United States</u> v <u>Lombera-Camorlinga</u>, 170 F.3d 1241 ( 9th Cir.1999 ) the Court of Appeals, Pregerson, Circuit Judge, held that:

> 1. provision of Vienna Convention on Consular Relations, requires disclosure to appropriate consulate when foreign national is imprisoned or detained, and requiring disclosure to "person concerned" of his rights under provision, created right benefitting imprisoned or detained national which national could enforce through American Courts, and 2. remand would be required, for trial court determination whether conceded failure to give required notice prejudiced defendant. Reversed and remanded. <u>Id</u> at 1241.

As a treaty made under the authority of the United States, the Vienna Convention on Consular Relations is the Supreme Law of the Land. U.S.C.A. Const. Art. 6, cl. 2.

<u>Jose</u> <u>Lombera-Camorlinga</u>, a Mexican national, was arrested at the Calexico, California Port of entry on November 17, 1997, when Customs inspectors searched

CutePDF - www.fastio.com

of his country of origin, Mexico.

There was a strong likelihood that the contact would have resulted in assistance to him, in having obtained legal advise to remain silent and to not have incriminated himself. Prejudiced is shown.

In **United States v Calderon-Medina**, 591 F.2d 530 ( 1979 ) the District Court in these consolidated appeals dismissed the indictments against Calderon-Medina and Rangel-Gonzalez for illegal re-entry following deportation, a violation of 8 U.S.C. 1326 ( 1976 ), because the Immigration and Naturalization Service ( INS ) had violated at least one of its own regulations in the deportation proceedings. On appeal by the government, the primary issue was whether those violations rendered the deportation unlawful.

The District Court found that in the deportation proceedings the INS had violated 8 C.F.R. § 242.2(e) ( 1978 ), which provides: "Every detained alien shall be notified that he may communicate with the Consular or Diplomatic Officers of the country of his nationality." Id at 530.

Prosecution for illegal reentry following deportation would be precluded if aliens could demonstrate prejudiced resulting from regulation violations by the Immigration and Naturalization Service INS in the original deportation and if District court determined that the violations harmed alien's interest in such a way as to affect potentially the outcome of the deportation proceedings; it was necessary for aliens to demonstrate prejudice, but not that violation denied Due Process or fundamental fairness in the deportation hearings. INS Act, § 276, 8 U.S.C.A. § 1326.

The Circuit Court of Appeals for the Ninth Circuit reversed and remanded the consolidated appeals of Calderon-Medina and Rangel-Gonzalez with further

–8–

instructions to the court below to allow the alien the opportunity to demonstrate prejudice resulting from the INS regulations violations.

In **United States** v **Rangel—Gonzalez**, **617 F.2d 529 ( 1980 )** the Ninth Circuit Court of Appeals reversed the case ordering dismissal of the indictment, holding that:

> **"Evidence that alien did not know of his right to consult with consular officials, that he would have availed himself of that right had he known of it, and that there was likelihood that contact would have resulted in assistance to him in resisting deportation sufficiently demonstrated prejudice resulting from regulation violation by INS in original deportation, so as to preclude prosecution for illegal entry after deportation. Reversed."**

This matter was before this Court as a companion to United States         v Calderon—Medina, The Trial Court had dismissed the indictment on the ground that, in the underlying deportation, the INS had failed to advise the defendant of his right to consult with Mexican Consular authorities as required by INS regulation. 8 C.F.R. § 242.2(e) ( 1979 ). In the First appeal this court remanded with instructions that the trial court consider whether the violation had prejudiced interest of the defendant protected by the regulation. On remand, after consideration of affidavits submitted on behalf of both the defendant and the government, the trial court found no prejudiced. The matter is now before this court in order to determine whether there was a sufficient showing of prejudice within the meaning of Calderon Medina . We hold that there was a sufficient showing and reverse the trial court." Id at 530.

as in **Rangel—Gonzalez, 617 F.2d 529 ( 1980 )** appellant did not know of his right to consult with consular officials. he would have availed himself of that

right had he known of it, and there was likelihood that contact would have resulted in legal assistance to him from his consular officials, and their further legal advise to remain silent and to have avoided self incriminating statements amde to the arresting officer. Prejudice is shown.

For the foregoing reasons movant's conviction and sentence should be vacated and the indictment dismissed.

## GROUND TWO:

> **PETITIONER WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL AT CRUCIAL STAGES OF THE PROCEEDINGS; INCLUDING BUT NOT LIMITED TO, PRETRIAL, PLEA NEGOCIATIONS; AND SENTENCING; DUE TO COUNSEL'S FAILURE TO MOVE FOR DISMISSAL OF THE INDICTMENT IN VIOLATION OF PETITIONER'S FIFTH AND SIXTH AMENDMENTS RIGHTS AS GUARANTEED BY THE UNITED STATES CONSTITUTION.**

The indictment charges that Mr. Casas-garcia Jr., an alien who had been denied admission, excluded, deported, or removed, or had departed the United States, while and order of exclusion, deportation, or removal was outstanding, and having not obtained the consent of the Attorney General of the United States, for reapplication by the defendant for admission into the United states, was thereafter found in attempt to reentry into the United states, in violation of 8 U.S.C. § 1326(a) and (b).

The Sixth Amendment to the United States Constitution provides, in pertinent part:

> **In all criminal prosecutions, the accused shall enjoy the right... to be informed of the nature and cause of the accusation..... U.S. Const. Amend. VI. the fifth Amendment to the United States COnstitution provides, in pertinent part: "No person shall be held to answer for a capital, or otherwise infamous crime, unless on a presentment or indictment of a Grand**

-10-

CVAPDF - www.texisi.com

Jury." U.S. Const. Amend. V; see also Fed. R. Crim. P. 7(a) (aand offense which may be punished by imprisonment for a term exceeding one year shall be prosecuted by indictment.

To be sufficient and indictment must be a plain, concise, and definite written statement of the essential facts cosntituting the offense charged. Fed. R. Crim. P. 7(c)(1). A defective indictment, which fails to give notice of the charge, implicates the Due Process and Double jeopardy Clauses of the Fifth Amendment as well. **Russel** v **United States**, 369 U.S. 749, 763-64 ( 1962 ). "A statutory citation may not stand in the place of the inclusion of an element of the crime." **United States** v **Campos-Asencio**, 822 F.2d 506-07 ( 5th Cir. 1987 ). A requirement that the indictment contain all of the essential elements insures that the grand jury has performed its constitutionally required function in determining whether there is evidence supporting each element of the crime. **United States** v **Cabrera-Teran**, 169 F.3d at 146-47.

Title 8 U.S.C. §1326, Provides in pertinent part:

[A]ny alien who

(1) has been denied admission, excluded, deported, or removal or has departed the United States while an order of exclusion, deportation, or removal is outstanding, and thereafter (2) enters, attempts to enter, or is at any time found in, the United States, unless (A) prior to his embarkation at a place outside the United states or his application for admission from foregin contiguous territory, the Attorney General has expressly consented to such alien's reapplying for admission; or (B) with respect to an alien previously denied admission and removed, unless such alien shall establish that he was not required to obtain such advance consent.......

shall be guilty of an offense against the United states. 8 U.S.C. § 1326(a).

CMxPDF - www.testxo.com

While § 1326 merely provides " being found " in the United states after removal, it should be interpreted, if possible, to avoid constitutional infirmity. **Screws v United States**, 325 U.S. 91,98 ( 1945 ) Thus, the Ninth Circuit has held that a conviction for being found in the United states requires that the defendant commit an act; he must have reentered the United states without the requisite permission. **United states v Ayala**, 35 F.3d 423,426 ( 9th Cir. 1994 ). ( holding that section 1326 is not prohibited status offense because it required the defendant to commit an act. ) cert denied, 514 U.S. 1019 ( 1995 ).

The indictment is defective because is fails to allege that the defendant had any MENS REA whatsoever, While the statute does not itself contain a mental element this omission is not dispositive, The requirements of some MEA REA for a crime is firmly embedded in our common law. **Staples v United States**, 511 U.S. 600-04 ( 1994 ); **Liparota v united States**, 471 U.S. 419 426 ( 1985 ) AS the court has repeatedly stated:

> **The contention that an injury can amount to a crime only when inflicted by intention is no provincial or transcient notion. It is universal and persisten in mature system of law as belief in freedom of human will and a consequent ability and duty of the normal individual to choose between good and evil.**

**Morissette v United States** , 342 U.S. 246 250 ( 1952 ); **Accord Staples** 511 U.S. at 605. Some MEA REA is required for any felony conviction **United States v Andersson**, 885 F.2d 1248, 1225 ( 5th Cir. 1989 ) en banc citing **Morrissette** 342 U.S. at 250. " Offenses that have no MENS REA are generally disfavored." **Staples** 511 U.S. at 604, citing **Liparota**, 471 at 426.

The case that have addressed the MENS REA required in prosecution under Title 8 U.S.C. § 1326, have generally focussed on whether the offense requires

-12-

CVAPDF - www.fesisa.com

proof of specific intent. The Fifth Circuit, along with the majority of circuits, has held that section 1326 does not required proof of specific intent. In other words, the government need not prove that a defendant knew that he did not have the requisite permission from the Attorney General to return. **United states v Ortegon—Uvalde**, 179 F.3d 956 ( 5th Cir. Cert denied, 120 S.Ct. 433 ( 1997 ); **United States v Trevino—Martinez**, 86 F.3d 65,68 ( 5th Cir. 1996 ), cert denied 520 U.S. 1105 ( 1997 ) The Fifth Circuit has recognized, however, that the argument for a specific intent requirement is not without force, **OrtegonUvalde**, **179 F.3d at 959**, and the Seventh Circuit has agreed that a defendant may present a defense that he believed in good faith that he had the necessary consent. **United States v Anton**, 683 F.2d 1011 ( 7th Cir. 1982 ). In Anton, the Seventh Circuit rejected the government's contention that immigration offenses are public welfare offenses subject to a strict liability standard. Id at 1015.

> **While the defendant in this case recognizes that this court is bound by Fifth Circuit precedent in order to preserve the issue for further litigation purposes, he respectfully contends that the Seven Circuit is correct in concluding that the government must prove that he knew his conduct was illegal.**

The harshness of the sentence is a significant factor in determining the requite mental state and strict liability is normally permitted only were the penalty is relatively lenient such as in misdemeanor cases. **Staples**, 511 U.S. at 615.

The petitioner hereby incorporates herein alleging that counsel rendered ineffective assistance of counsel at crucial stages of the proceedings by not moving to dismiss the indictment because it failed to allege any MENS REA or actus reus for the offense as required by the constitution........

**GROUND THREE:**

> **PETITIONER FIFTH AMENDMENT CONSTITUTIONAL RIGHT OF DUE PROCESS WAS VIOLATED BY A SENTENCING COURT BY DETERMINING TITLE 8 U.S.C. § 1326(b)(2) IS NOT A SEPARATE OFFENSE FROM TITLE 8 U.S.C § 1326, BUT MERELY A SENTENCING ENHANCEMENT?.**

In **United States v Vasquez–Olivera,** a divided Fifth Circuit panel determined that 8 U.S.C. § 1326(b) is a sentencing-enhancement factor for 8 U.S.C. § 1326(a) **United States v Vasquez–Olivera, 999 F.2d 943, 945 ( 5th Cir. 1993 ), cert denied 510 U.S. 1076 ( 1994 )** In so doing, the court relied on the criteria enunciated in **UNited States v Davis 801 F.2d 754 ( 5th Cir. 1986 ).** Under the Fifth Circuit's evaluation, 1326(b) meets the four elements of the **Davis** test "(1) whether the statute predicates punishment upon conviction under another section, (2) whether the statute multiplies the penalty received under another section, (3) whether the statute provides guidelines for the sentencing hearing and (4) whether the statute is titled as a sentencing provision." **United states v Vasques–Olivera, 999 F.2d at 945, citing Davis Id at 756.**

The Fifth Circuit contends that 8 U.S.C. § 1326(b) meets criteria numbers 1,2,and 4. <u>Vasques-Olvera,</u> 999 at 945. Undaunted by the missing element, the Fifth circuit concluded, "Subsection (b) meets three of the four <u>Davis</u> factors and has enough of the common traits of a sentence enhancement provision for us to conclude that Congress intended for it to be  a sentence enhancement provision."

The Fifth Circuit relied heavily on the fact that Congress included the following words in the statute: " subject to subsection (b) of this section" and " notwithstanding subsection (a) of this section." the Fifth Circuit also stated. "It is highly unlikely that Congress would structure the statute in such a way that subsection (b) is dependant [sic] on elements of subsection (a), if it intended

for subsection (b) to be a separated criminal offense." Vasquez olvera 999 F.2d at 946.

> In her dissent Judge King expressed skepticism toward the majority's reasoning: I **believe** that, **while** the **majority's interpretation is a permissible one, there is another, equally permissible interpretation of the statute... In this regard, I observe that subsection (b) states that it appears "in the case of any alien described in" subsection (a). It does not say "In the case of any alien convicted of" the offense set forth insubsection (a). I further believes that the use of the phrase "[n]otwithstanding subsection (a)," if anything argues infavor of holding that the drafters of subsection (b) intended it to be a separated offense.**

The Fourth Circuit, following Vasques-Olvera,held [T]he plain language of §1326 indicates that subsection (b) is a sentence enahncement provision rather than a separate offense. **United states v Crawford,** 18 F.3d 1173m 1178 ( 4thCir. ) cert denied ___U.S.___ , 115 S.Ct. 171 ( 1994 ). The First Circuit has also held in accordance with the Fourth and Fifth Circuits. see **United states v Forbes,** 16 F.3d 1294 ( 1st Cir. 1994 ). Contrarily the Ninth Circuit has held , a a series of cases, that 8 U.S.C.(a) and 8 U.S.C.§ 1326(b) are separate offenses . **United states v Arias-Granados,** 941 F.2d 996 ( 9th Cirt. 1991 ); **united States v Campos Martinez,** 976 F.2d 589 ( 9th Cir. 1992 ); **United States v Gonzalez-Medina,** 976 F.2d 570 ( 9th Cir. 1992 ).

Due process compels the Ninth Circuit interpretation. This court held in **In Re Wisnhip,** 397 U.S. 358 ( 1970 ) that " The Due Process Clause protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged." **Winship Id**

-15-

at 364. Additionally, under **McMillan** v **Pennsylvania**, 477 U.S. 79 ( 1986 ), a higher standard of proof is required where a statute either changes a maximum penalty or creates a new offense with its own penalty. **McMillan**, **Id** at 88.

Because § 1326(a) provides for a two year statutory maximum sentence and § 1326(b) provides for a fifteen year statutory maximum sentence, due process demands the prior conviction be proven beyond a reasonable doubt. **McMillan**, **Id**. Casas-Garcia **Jr,.** prior conviction was not proved beyond a reasonable doubt. Accordingly, in the absence of proof beyond a reasonable doubt of the prior conviction necessary to constitute a violation § 1326(b)(2), **Casas-Garcia** may not be sentenced to more than the two years maximum provided for in § 1326(a).

## GROUND FOURT:

> **WHETHER PETITIONER'S PRISON SENTENCE, WHICH IS WELL ABOVE THE TWO YEAR STATUTORY MAXIMUM AUTHORIZED BY 8 U.S.C. § 1326(a), IS ILLEGAL BECAUSE THE INDICTMENT DID NOT ALLEGE THAT PETITIONER WAS PREVIOUSLY CONVICTED OF AN AGGRAVATED FELONY PRIOR TO HIS ILLEGAL ATTMPT TO RE-ENTRY INTO THE UNITED STATES.**

In **Almendarez-Torrez** v **United States**, 523, U.S. 224 ( 1998 ), the Supreme Court held, in a five to four decision, that an indictment in an illegal reentry case need not allege a defendant's prior "aggravated felony" conviction in order for a district court to sentence the defendant to an "enhanced" sentence under 8 U.S.C. § 1326(b)(2), based on the defendant's prior conviction. Almendarez-Torres, 523 U.S. at 247. Justice Scalia, joined by Justices Stevens, Souther and Ginsbur, dissented from the Court's holding in Almendarez-Torres, Id at 248, contending that § 1326(b)(2) was not merely a "Sentencing Factor" but, instead, was a separate offense and that the fact of a defendant's prior conviction

-16-

CVid PDF - www.faxlis.com

thus had to be pleaded in the indictment in order for a district court to impose an "enhanced" sentence above the two year maximum sentence provided for by 8 U.S.C. § 1326(a). Id at 270-71.

On June 26, 2000, the Supreme court issued its decision in **Apprendi v New Jersey, 120 S.Ct. 2348 ( 2000 )**, which held that the petitioner's enhanced sentence was unconstitutional because a jury had not found the operative "hate crime" "sentencing fact" beyond a reasonable doubt. Id at 2354. In its opinion, this court stated that "it is arguable that Amendarez-Torres was incorrectly decide." Apprendi, 120 S.Ct. at 2362. Footnote 15 of the Court's decision then noted that "[i]n addition to the reasons set forth in Justice Scalia's dissent [in ALmendarez-Torres] 523 U.S. at 248-60, it is noteworthy that the court's extensive discussion of the term sentencing factor virtually ignored the pedigree of the pleading requirement at issue." Apprendi, 120 S.Ct. at 2362 n. 15 ( citing **United States v Reese, 92 U.S. 214, 232-33 ( 1876 )**. Justice Thomas, who had been in the five justice majority in ALmendarez-torres wrote a concurring opinion in Apprendi. Apprendi, 120 S.Ct. at 2367 ( Thomas J. Concurring ) in which he stated that he had erred in joining the majority opinion in ALmendarez-Torres. Apprendi 120 S.Ct. at 2379 ( Thomas, J., concurring ).

In light of the majority opinion and Justice Thomas's concurring opinion in Apprendi, this court should overrrule Almendarez-Torres. If this Court were to do so, it would require this Court to vacate Mr. Casas-Garcia Jr., 57 months sentence and remand for resentencing under 8 U.S.C. § 1326(a), which provides for a two year statutory maximum sentence. Because the indictment in his case did not allege the fact of his prior "Aggravated felony" conviction, although the indictment did allege that the offense conduct described therein was [i]n violation

CSxPDF - www.fesito.com

of 8 U.S.C.§ 1326(a) & (b)(2), such a bare statutory reference in the indictment is insufficient to plead a violation of 8 U.S.C. § 1326(b)(2). See e,g., **United States v Cabrera-Teran**, 168 F.3d 141, 145-46 ( 5th Cir. 1999 ); **United States v Forbes**, 16 F.3d 1294, 1297 ( 1st Cir. 1994 ); **United States v Zanngger**, 848 F.2d 923,925 (9th Cir. 1988 ), the district court's sentence, which is well above the twenty four months maximum sentence provided for in 8 U.S.C. § 1326(a), is illegal assuming that the dissenting opinion in Almendarez-Torres becomes the new position of the majority of this court. Stare Decisis should be not a bar to this Court's decision to overrule Almendarez-Torres. That prudential doctrine is not an inexorable cammand particularly when a prior decision of this Court was "Badly reasoned" **Payne v Tennesse**, 501 U.S. 808, 827-28 ( 1991 ). As discussed by both the majority opinion and Justice Thomas's concurring opinion in Apprendi, Amenndarez-Torres was badly reasoned and incorrectly decided.

In sum petitioners were sentenced to prison sentences well above the twenty four months statutory maximum sentence permitted by the offense charged in the indictment.

**GROUND FOUR :**

> **A.     IN THE STATUTE DESCRIBING CRIMES OF ILLEGAL REENTRY AFTER DEPORTATION, THE PHRASES "SUBSEQUENT TO A CONVICTION FOR COMMISSION OF A FELONY" AND "SUBSEQUENT TO A CONVICTION FOR COMMISSION OF AN AGGRAVATED FELONY" DESCRIBE ELEMENTS OF THE OFFENSE WHICH MUST BE PLEADED BY INDICTMENT AND PROVED BEYOND A REASONABLE DOUBT.**

In construing a statute, its plain meaning is the guiding principle. **United States v Gonzalez**, 117 S.Ct. 1032, 1034 ( 1997 ); **Baley v United States**, 116 S.Ct. 501, 506 ( 1995 ). When the text speaks with clarity to an issue, in all

but the most extraordinary circumstances, inquirey into the meaning of the statute is completed. **United States** v **Ron Pair Enterprises Inc.,** 489 U.S. 235, 241 ( 1989 ); **Rubin** v **United States** 449 U.S. 424, 430 ( 1981 ).

Section 1326 on its face creates separated offenses in subsection (b). subsection 1326(a) describes certain aliens in subparagraphs (1) and (2). Subsection 1326(b), as added in 1988, stated:

> **(b) notwithstanding subsection (a) of this section, in the case of ANY ALIEN described in such subsection......**
>
> **(1) whose deportation was subsequent to a conviction for commission of a felony ( other than an aggravated felony) such alien shall be ......**
>
> **(2) whose deportation was subsequent to a conviction for commission of an aggravated felony, such alien shall be .....**
> **( emphasis added ).**

Incorporation by reference, using phrases such as "described in such subsection", is a standard tool of legislative drafting. Indeed, the immigration laws are rife wiht incorporation by reference. The adoption of an earlier statute by reference makes it as much a part of the later acts as though it had been incorporated at full lenght. **Engel** v **Davenport,** 271 U.S. 33, 38, ( 1926 ); **Kendall** v **United States Ex rel. Stokes,** 12 Pet. ( 37 U.S. ) 524, 625 ( 1838 ).

The statute on its face ( with the incorporation highlighted ):
> **(b) Notwithstanding subsection (a) of this section, in the case of any alien who**
>
> **(1) Has been arrested and deported or excluded and deported, and thereafter**
>
> **(2) enters, attempts to enter, or is at any time found in, the United States, unless (A) prior to his reembarkation at**

at a place outside the United States or his application of
admission from foreign contiguous territory, the Attorney
General has expressly consented to such alien's reapplying for
admission; or (B) with respect to an alien previously excluded
and deported, unless such alien shall establish that he was
not required to obtain such advance consent under this chapter
or anu prior Act.

[3] whose deportation was subsequent to a conviction for commission of a
felony ) other than an aggravated felony ), such alien shall be fined under Title
18, imprisoned not more than 5 year, or both;

[4] whose deportation was subsequent to a conviction for commission of an
aggravated felony, such alien shall be fined under such Title 18, imprisoned not
more than 15 Years or both.

The statute unambiguously states separate elements,the addition of which
increase the maximum punishement. All the elements of the offense are in
subsection (b) itself. There is no suggestion of any other approach.

The statutory structure and context of section 1326 support the conclusion
that each subsection states a separate offense. **Baley,** 116 S.Ct. at 505–06;
**Hubbard** v **United States,** 115 S.Ct. 1754, 1758 ( 1995 ). Judicial construction of
Section 1326, substantially predating the creation of subsection (b), established
that prior convictions had to be pleaded and proved beyond a reasonable doubt.
The same pattern is followed in subsection 1326 (b). The unique Immmigration and
Naturalization Service definitions of "conviction" and "aggravated felony"
militate in favor of treating the separate facts as necessary elements of the
offenses, as does subsequent legislation.

In **United** **States** v **Gonzalez-Medina**, 976 F.2d 570 (9th Cir. 1992 ), Three defendants were to trial on indictments in the District of Washington that did not charge any prior offenses. The government did not plead or prove the requisite facts for a subsection 1326(b)(1) or (b)(2) offense. The COurt held that "the three subsections identify different crimes, the elements of which must be proven at trial and not simply at sentencing." Gonzalez-Medina, 976 F.2d at 571. In doing so, the court relied heavily on its earlier ruling in **United** **States** v **Arias-Granados,** holding that "[b]ecause sections 1326(a) and 1326(b)(1) and, a fortiori, 1326(b)(2) constitute separate crimes and not merely a single offense with different sentencing criteria-- the government was obligated to put on evidence of the defendant's prior felony convictions if it intended to prosecute them under subsection 1326(b) instead of the lesser included offense of 1326 (a)." Gonzalez-Medina at 572.

In the Court of Appeals with jurisdiction over the most felony Section 1326 prosecutions, the language and context of the statute establish that " § 1326(a) and (b) stand alone each with its own elements and sentencing provisions." **United** **States** v **Oliver,** 60 F.3d 547, 553,54 ( 9th cir. 1995 ). Recently, the Ninth Circuit reinforced its view of the statute EN BANC when it upheld the dismissal of an indictment under subsection 1326 (b)(2) for failure to properly allege an aggravated felony. **United** **States** v **gomez-Rodriguez,** 96 F.3d 1262, 1265 ( 9th **Cir. 1996 )( en banc ).**

**The finality of a conviction under subsection 1326(b) is a potentially complex question of law and fact.**

Under subsection 1326 (b), the increase in maximum sentence applies only where the deportation is subsequent to a felony or aggravated felony. **In Marino** v **INS** 537 F.2d 686,691 ( 2nd Cir. 1976 ). the court provided a narrow definition

-21-

of "convicted the immigration laws:

> [A]n alien is not deemed to have been "convicted" of a crime
> under the Act until his conviction has attained a substantial
> degree of finality..... such finality does not occur unless
> and until direct appellate review of the conviction ( as
> contrasted with collateral attacks ) has been exhausted or
> waived.

The INS adopted regulations  applicable to immigration crimes codifying the case law.  Congress  adopted  a new version of "conviction" in 1996. Illegal Immigration Reform and Immigration Responsibility Act  of 1996 (IIRIRA), Pub. L. No. 104-208, § 322, 110 Sta. 3009-1570,3009-1703 ( 1996 )( codified at 8 U.S.C. § 1101(a)(48)(1996).  The INS later withdrew 8 C.F.R. § 242.2(b). 62 Fed. Reg. 10,312, 10382 ( March 6 1997 ). The new definition would not apply to Alfredo Casas Garcia Jr., under the  Ex Post Facto Clause. The inporatnce of the earlier definition of "conviction" is the  light it sheds on the offenses created by Congress in 1988 by promulgating subsection (b).

The question whether the deportation is subsequent to a conviction becomes a relatively complex factual question. If, for example, the deportaion follows quickly upon the imposition of a sentence to time  served or probation, the convictin will not be  final at the time of the deportation because the time within which to appeal may not have expired.

If  an appeal is filed, the conviction may not become final for months, or years, while the case wends its way through the appellate court. In  fact, there is nothing in the record before this court to establish that Mr. Casas Garcia Jr., prior convictions were  not appealed and still pending at the time of  his deportation.

The need to focus the parties and  the court on when the judgment  was final,

and on the potential "subsequent" defenses, militates in favor of treating as an element facts which may result in a much lower statutory maximum.

### Construction of Subsections (b)(1) and (b)(2) as Separate Offenses Respects the Rights to Grand Jury Indictment and Proof of Elements beyond a Reasonable Doubt.

Section 1326 should be read consistently with historical procedural, and constitutional requirements of indictment and proof. Due Process and the Sixth Amendment require the government prove, and the jury find beyond a reasonable doubt, each element of an offense. **Mullaney v Wilbur**, 421 U.S. 684 ( 1975 ); **In Re Winship**, 397 U.S. 358 ( 1970 ). Criminal statutes routinely require proof of a prior conviction beyond a reasonable doubt. **Lewis v United States**, 445 U.S. 55 ( 1980 ); **Moore v Missouri**, 159 U.S. 673, 676–77 ( 1895 ); **LaFave** and **Scoot**, 1 SUBSTANTIVE CRIMINAL LAW (West 1986 )§ 1.8 at 69.

The Fifth Amendment requires that federal felonies be charged by indictment. U.S COnst. amend V. The traditional requirements that every ingredient of an offense must be charged and proved beyond a reasonable doubt are of ancient provenance, **United States v Gaudin**, 115 S.Ct. 2310, 2313–15 ( 1995 ); **Smith v United States**, 360 U.S. 1, 9 ( 1959 ).

The historical practices have coalesced into federal procedural rules which require an indictment stating the essential facts constituting the offense charged. ( Fed. R. Crim. P. 7(c)(1)). The Court has recognized that elements that increase statutory maximum are subject to constitutional protections. **McMillan v Pennsylvania**, 477 U.S. 79, 87–88 ( 1986 ); **Mullaney**, 421 U.S. at 698–99. The Elements interpretation of subsection 1326(b) is supported by constitutional, procedural and historical norms.

The circuit courts outside the Ninth Circuit have found subsection 1326(b) creates a " sentence enhancement". **United States v Valdez,** 103 F.3d 95, 97–98 ( 10th Cir. 1996 )(citing cases ). The plain meaning of the statute and its context contradict that position. Two of the leading cases adopt an incorrect analysis in reaching their conclusion.

In **United States v Vasquez-Olvera,** 999 F.2d 943,945 ( 5th Cir 1993 ), **cert denied,** 510 U.S. 1076 ( 1996 ) the Fifth circuit, in both the majority opinion and the dissent, adopted an analytical framework based on an Armed Career Criminal Act case, **United States v Davis,** 801 F.2d 754 ( 5th Cir. 1986 ). The Davis court, in turn, derived its analysis from **Garrett v United States,** 471 U.S. 773 ( 1985 ). Davis, 801 F.2d at 756. ALthough there is overlap, the Davis/Vasquez-Olvera approach is not helpful in the present case.

In Garrett, this court considered whether proof of facts supporting a predicate offense for a Continuing Criminal Enterprise conviction violated the Double Jeopardy Clause. The Court did not purport to create a methodology for determining what ingredients of an offense must be pleaded and proved. The Double Jeopardy analysis sheds little on the construction of Section 1326. defendant is not arguing that his prior conviction forecloses prosecution as a matter of double jeopardy.

As stated by the Vasquez-Olvera dissent, the Garrett methodology reaches the result defendant seeks; 1. incorporation by reference renders subsection 1326(b) a unitary offense; 2. the degree of increase forecloses treatment as a multiplier; 3. the title does not create a separate penalty provision; and 4. as all agree no separate procedures are provide. Vasques-Olvera, 999 F.2d at 948–49. The same result is achieved through the plain meaning and context of the statute, informed by the strict construction of criminal statutes and the rule of lenity.

**The First Cricuit, and those relying on it, failed to apply the applicable policies requiring treatment of Subsections (b)(1) and (b)(2) as separate Offense.**

The First Circuit found Section 1326 to be ambiguous based on its language and structure. **United States v Forbes**, 16 F.3d 1294,1298 ( 1st Cir. 1994 ). Then, instead of applying the rules for construction of ambiguous criminal statutes, the court found the policy against introduction of prior convictions to be decisive. **United States v Forbes**, at 1299,1301.

Once ambiguity is found, the narrow construction of criminal statutes and the rule of lenity require relief for the defendant. This Court requires strict construction of what constitutes a crime under the immigration laws. **UNited States v Campos-Serrano**, 404 U.S. 293, 297-98 ( 1971 ). the definition of criminal offenses is also subject to the rule of lenity, whereby the interpretation saving the individual defendant from prison is favored. **Granderson v United States**, 511 U.S. 39, 54 & n.12 ( 1994 ); **Ratzlaff v United States**, 510 U.S. 135, 148 ( 1994 ); **United States v R.L.C.**, 503 U.S. 291, 305 (1992 ).

Even beyond defendant particular circumstances the policies cited by the Forbes court incorrectly balance the interest of defendants generally. The constitutionally-based interest in grand jury indictment and proof beyond a reasonable doubt alone override other interest. The dangers posed by proof of prior convictions have been substantially mitigated by the court's ruling in **Old Chief v United States**. 117 S.Ct. 644 ( 1977 ) ( stipulation to conviction obviates proof of the offense.) In 1996, 98.2% of all Section 1326 defendants pleaded guilty. The number of defendants going to trial is minuscule compared to those benefitting from charging discretion or defenses based on the elements of the offenses.

Because § 1326(a) provides for a TwoYear statutory maximum sentence and § 1326(b) provides a fifteen year statutory maximum sentence, under common law the Constitution requires that, in a federal case, whenever the maximum imprisonment range is increased based on a fact, that fact must be alleged in the indictment, submitted to the jury and proven beyond a reasonable doubt. Mr. Alfredo Casas-Garcia Jr., prior conviction was not proved beyond a reasonable doubt. Accordingly, the absence of proof beyond doubt of the prior conviction is necessary to constitute a violation of § 1326(b)(2). Defendant Casas-Garcia Jr., may not cannot be sentenced to more than the Two Year maximum provided for in 1326(a).

Petitioner repleads and realleges as if fully restated herein in regards to his being denied effective assistance of counsel. 1 ABA Standards of Criminal Justice, <u>Duty to Investigate</u>, Standard 4-4.1, at 4-53 ( 2d Ed. Supp. 1986 ). Commentary to Standard 4-4.1 notes that "[f]acts from the basis of effective representation . ..... adequate investigation may avert the need for courtroom confrontation." <u>Id</u> at 4-54. "It is the duty of the lawyer to conduct a prompt investigation on the circumstances of the case and explore all avenues leading to facts relevant to guilt and <u>degree of guilt of penalty</u>." <u>Kelly</u> v <u>Armontrout</u>, 937 F.2d 1298, 1304 at n.5 ( quoting <u>Eldridge</u> v <u>Arkins</u>, 665 F.2d 228, at 232, cert denied, 456 U.S. 910, 102 S.Ct. 1760, L.Ed 2d 168 ( 1985 ). Petitioner avers that, but for counsel's unprofessional errors, the result of the proceedings would have been different and therefore, prejudice the outcome resulting in an illegal sentence, see <u>Strickland</u> v <u>Washington</u>, 466 U.S. 668-687 ( 1984 ). petitioner suspects that counsel's constructive denial of his right to counsel meets the <u>Cronic</u> standard. <u>U.S.</u> v <u>Cronic</u>, 466 U.S. 648, 80L.Ed 2d 657.

## CONCLUSION

Petitioner was constructively denied assistance of counsel at crucial stages of the proceedings by counsel's failure to,

Move to Dismissal of the Indictment; and

object that under common law the constitution requires that, in a federal case, whenever the maximum imprisonment range is increased upon a fact, that fact must be alleged in the indictment, submitted to the jury, and proved beyond a reasonable doubt in a jury trial.

**Wherefore, all premises considered, Petitioner Alfredo Casas–Garcia Jr., respectfully request that the court dismiss the indictment because if failed to alleged any MENS REA or ACTUS REA for the offense as required by the COnstitution, issue and Order causing vacatur of petitioner's sentence and resentence him for a term of imprisonment no exceeding Two Year, and any further and such relief the Court seems just and appropriate.**

Respectfully Submitted,          **NOV 29 2000**

ALFREDO CASAS GARCIA Jr.
In Pro Se.

### CERTIFICATE OF SERVICE

I, Alfredo Casas-Garcia, do hereby certify, under penalty of perjury that has served the original and two copies of the foregoing motion under Title 28 U.S.C. § 2255., to the Clerk of the Court, P.O.BOX 2163, Brownsville, TX. 78522, after having first affixed sufficient first class mail postage and having placed same in the internal federal prison U.S. MAIl Box.

Executed this day of November, 2000

**NOV 29 2000**

ALFREDO CASAS GARCIA Jr.

CSNPDF - www.fwshs.com