5

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# BROWNSVILLE DIVISION



United States District Court
Southern District of Texas
ENTERED

JUL 0 2 2001

Michael N. Milby, Clerk of Court
By Deputy Clerk

| | | |
|---|---|---|
| ALFREDO CASAS-GARCIA, JR. <br> Petitioner, | § § § | |
| v. | § § | CIVIL ACTION NO. B-00-187 <br> (CR. NO. B-99-192-01) |
| UNITED STATES OF AMERICA <br> Respondent. | § § § § | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

### BACKGROUND

On June 30, 1999, Petitioner Alfredo Casas-Garcia Jr. plead guilty to one count of illegal reentry in violation of 8 U.S.C. § 1326 (a) and (b).[1] He was then sentenced to 57 months of imprisonment, followed by a three-year term of un-supervised release.[2] Casas now requests that this Court vacate his sentence pursuant to 28 U.S.C. § 2255. In his petition, Casas alleges (1) that he was denied effective assistance by counsel; (2) that his due process rights were violated; (3) that he was charged improperly; and (4) that his sentence was illegal.[3]

### LEGAL STANDARDS

Petitioner filed a direct appeal but did not include the four claims listed above. He now raises the claims for the first time in this § 2255 Motion and therefore has procedurally defaulted. The merit

---

[1]   *See United States of America v. Alfredo Casas-Garcia Jr.*, CR. NO. B-99-192-01, Pleading No. 17 at 1.

[2]   *See United States of America v. Alfredo Casas-Garcia Jr.*, CR. NO. B-99-192-01, Pleading No. 24 at 1.

[3]   *See Alfredo Casas-Garcia Jr. v. United States of America*, CA. NO. B-00-187, Pleading No. 2 at 5-6.

1

of the claims will not be addressed. "It is well settled that where a defendant has procedurally defaulted a claim by failing to raise it on direct review, the claim may be raised in a § 2255 Motion only if the petitioner can first demonstrate either (1) cause and prejudice, or (2) that he is 'actually innocent' of the crime for which he was convicted." *United States v. Sorrells*, 145 F.3d at 749 (5th Cir.1998), (*citing Bousley v. United States*, 523 U.S. 614, 118 S.Ct. 1604, 1611 140 L.Ed.2d 828 (1998)).

The Fifth Circuit has invariably maintained a standard of review and the extent to which claims are cognizable under § 2255. "Following a conviction and exhaustion or waiver of the right to direct appeal, we presume a defendant stands fairly and finally convicted." *United States v. Shaid*, 937 F.2d 228, 231-32 (5th Cir.1991) (en banc), *cert. denied*, 502 U.S. 1076, 112 S.Ct. 978, 117 L.Ed.2d 141 (1992). As such, § 2255 motions are limited to questions of constitutional or jurisdictional magnitude, which may not be raised for the first time on collateral review without a showing of cause and prejudice. *Id.* "Other types of error may not be raised under § 2255 unless the defendant demonstrates that the error could not have been raised on direct appeal *and*, if condoned, would result in a complete miscarriage of justice." *United States v. Pierce*, 959 F.2d 1297, 1301 (5th Cir.), *cert. denied*, 506 U.S. 1007, 113 S.Ct. 621, 121 L.Ed.2d 554 (1992). Casas has failed to demonstrate *any* miscarriage of justice.

In *United States v. Torres*, 163 F.3d 909 (5th Cir. 1999), unlike Casas, Torres did not file a direct appeal. Because Casas, like Torres, did not raise his arguments at trial or on direct appeal, Casas burden is to show "actual innocence" or "cause and prejudice." Consequently, Casas failed to prove either prong and thus does not merit relief under a § 2255 motion.

Similarly, in *United States v. Lopez*, 248 F.3d 427 (5th Cir.1998), Lopez procedurally

defaulted his claim by failing to raise it on direct review. Casas failed to raise his claims on appeal and thus has also procedurally defaulted. "Claims may be raised in habeas proceedings only if the petitioner is able to demonstrate 'cause and prejudice.'" *Id.* Lopez' claim was procedurally barred because he failed to show cause and prejudice. Likewise, Casas was not able to demonstrate cause and prejudice in his claims.

Casas has failed to demonstrate either prong of the procedural default doctrine, and such he has not met his burden as set forth by § 2255 standards. His claims are frivolous in their entirety and this Court must recommend that his § 2255 Motion be denied.

## RECOMMENDATION

For the reasons given above, it is recommended that Casas' § 2255 Motion be denied. A party's failure to file written objections to the proposed findings, conclusions, and recommendations in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusion accepted by the district court, provided that the party has been served with notice that such consequences will result from failure to object. *Douglass v. United States Automobile Association*, 79 F.3d 1415 (5th Cir, 1996).

DONE in Brownsville, Texas this 29th day of June, 2001.

Felix Recio
United States Magistrate Judge

3